<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DOUGLAS E. PERRY, | : | |
| | : | Civil Action No. 11-2715 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PETER E. WARSHAW, | : | |
| | : | |
| Defendant. | : | **CLOSED** |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Douglas E. Perry
Monmouth County Jail
One Waterworks Road
Freehold, NJ 07728

**WOLFSON**, District Judge

    Plaintiff Douglas E. Perry, currently detained at Monmouth County Jail in Freehold, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff alleges very limited facts in his Complaint.  Plaintiff alleges that he has been incarcerated over a year without a trial date. Plaintiff asserts the following facts:

"I've been trying to get a plea sign off and go to trial on 4/13/2110 [sic] 9:00 AM. Also on the month of Nov. 9:00 AM Jan, Feb, Mar. May. of 2/10 Prejudice to the defendent [sic] U.S.C.A. Const. Amend. 6 Baker v. Wingo, cite | 4 U.S.C.A. 1983: as 92 SCT. 2182 | U.S.C.A. Const. Amend 14."

(Docket Entry #1 at 7)

Plaintiff names Peter E. Warshaw, Monmouth County Prosecutor, as the lone defendant in this action.  The Court notes that Plaintiff did not state the relief sought in bringing this action nor did Plaintiff sign the Complaint.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in</u> <u>forma</u> <u>pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the

3

> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted).

The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").  In applying Twombly the court said:

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

Plaintiff, a pretrial detainee, brings this Complaint for violation of his due process rights because he has been detained for over one year without a trial.  The Court construes

6

Plaintiff's claims as allegations that his rights to a speedy trial, pursuant to The Sixth Amendment to the United States Constitution, have been violated.  Plaintiff's due process and speedy trial claims are not cognizable under § 1983.  The doctrine of Younger v. Harris, 401 U.S. 850, 858, 98 S.Ct. 1547, 56 L.Ed.2d 935 (1974), forbids federal court interference in pending state court proceedings.[1]  Federal courts should not permit the claimed denial of a speedy trial to result in the "'derailment of a pending state proceeding.'"  Moore v. DeYoung, 515 F.2d 437, 446 (3d Cir. 1975).

Speedy trial claims are to be considered after the facts have developed at trial.  United States v. MacDonald, 435 U.S. 850, 858, 98 S.Ct. 1547, 56 L.Ed. 2d 18 (1978).  The Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  Id. at 861.

To the extent that Plaintiff might seek release, such request is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez,

---

[1]In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances.

411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Even if this Court were to construe this matter as a petition for writ of habeas corpus, the claim would fail.  The proper procedure is to exhaust the speedy trial claim by presenting it to all three levels of the New Jersey courts and to bring it before this Court in a petition under 28 U.S.C. § 2254 after the claim has been properly exhausted.  <u>See</u> <u>Moore</u> at 449.  As the United States Court of Appeals for the Third Circuit explained in <u>Moore</u>:

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.  Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief presented.  These procedures amply serve to protect [Petitioner's] constitutional rights without pre-trial federal intervention in the order functioning of state criminal processes.

<u>Id.</u>

Because Plaintiff's speedy trial/due process claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus after exhaustion of state court remedies, his claims must be dismissed.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed for failure to state a claim.  Because Plaintiff's speedy trial/due process claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus after

Plaintiff has exhausted state court remedies, for this Court to allow amendment of the instant Complaint would be futile.  As such, Plaintiff's Complaint will be dismissed with prejudice. An appropriate order follows.


 S/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: September 26, 2011